PROB 12C
(7/93)

# United States District Court
## for the
## District of Alaska


RECEIVED
NOV 1 3 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

### Petition for Warrant or Summons for Offender Under Supervised Release

| | | | |
|---|---|---|---|
| Name of Offender: William James Torma | | Case Number: F04-0034-CR (RRB) | |

Sentencing Judicial Officer:     Ralph R. Beistline, U.S. District Court Judge

Date of Original Sentence:        April 4, 2005

Original Offense:                 Felon in Possession Of A Firearm in Violation of 18 U.S.C. 922(g)(1), and 924(a)(2)

Original Sentence:                24 months imprisonment, three years supervised release, mandatory, standard and special conditions

Date Supervision Commenced:       June 2, 2006

Asst. U.S. Attorney: Stephen Cooper        Defense Attorney: M.J. Haden
                                           Asst. Federal Public Defender

---

## PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

Violation Number | Nature of Noncompliance
---|---

1 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on or about June 25, 2007, at or near Fairbanks, Alaska, the defendant admitted to using Oxycotin(sic) without a prescription.   This violation is a Grade C violation.

2 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on or about October 9, 2007, at or near Fairbanks, Alaska, the defendant admitted to consuming Cocaine.   This violation is a Grade C violation.

| | |
|---|---|
| 3 | The defendant has violated the Standard Condition of Supervision 3, "The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer", in that on or about October 27, 2007, the defendant failed to follow the instructions of the U.S. Probation Officer, which were to report to the Akeela House in Anchorage, Alaska, and commence a residential substance abuse treatment program. This violation is a Grade C violation. |
| 4 | The defendant has violated the Standard Condition of Supervision 2, "The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month," in that between November 1 and 5, 2007, the defendant failed to report to the probation office as directed and submit a truthful and complete report for the month of October. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

Respectfully submitted,

REDACTED SIGNATURE
for Toni M. Ostanik
U.S. Probation/Pretrial Services Officer
Date: November 8, 2007

Approved by:

REDACTED SIGNATURE
Eric D. Odegard
Supervising U.S. Probation Officer

*Petition for Warrant or Summons*
*William James Torma*
*F04-0034-CR (RRB)*

THE COURT ORDERS

[ ✓ ]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

**REDACTED SIGNATURE**

Ralph R. Beistline
U.S. District Court Judge

November 10, 2007
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

## United States District Court
for the
## DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>vs.<br><br>William James Torma | )<br>)<br>)  Case Number: F04-0034-CR (RRB)<br>)<br>)  DECLARATION IN SUPPORT OF PETITION<br>)<br>)<br>) |

I, Toni M. Ostanik, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for William James Torma, and in that capacity declare as follows:

On June 2, 2006, the defendant was released from the custody of the Bureau of Prisons and began serving his three-year term of supervised release. On June 8, 2006, conditions were read and explained to the defendant by this officer. Additionally, the defendant agreed to modify his conditions to include drug testing, not to exceed 12 tests per month, at the direction of the probation officer. This modification was sought to be in compliance with the *Stephens* case.

On June 27, 2007, the defendant reported to the U.S. Probation Office at which time the defendant stated he wanted to talk to this officer. The defendant began the discussion by advising he had taken a new job with another restaurant in Fairbanks. The defendant reported losing a relative and that he had used an illegal controlled substance without a prescription. The defendant admitted to being offered and consuming OxyContin. The defendant admitted using the illegal substance on June 25, 2007 and signed a admission form indicating the same. As a sanction, the defendant was placed on an increased rate of urinalysis per month.

On October 11, 2007, the defendant reported to the U.S. Probation Office at which time the defendant submitted a urine specimen for testing. The hand-held test initially indicated a positive reading for Cocaine. A chain of custody was completed and the specimen was mailed to Kroll Laboratories, Inc. The defendant initially denied using or "knowingly ingesting" Cocaine. After continued discussion with this officer, the defendant admitted using a "small amount of Cocaine while in the presence of a woman, whom he had met in a bar, two nights previously, on October 9, 2007." Because it was the defendant's second positive urine test, this officer inquired with the defendant if he would like to engage in substance abuse treatment. This officer felt that if the defendant met the criteria for in-patient treatment at the Akeela House in Anchorage, and proposed it as the best option for the defendant at that time. The other option explained to the defendant at this time was to submit a petition and to request the

defendant's supervised release be revoked. The defendant was given an opportunity to think about engaging in treatment versus being Petitioned into Court over the weekend and directed to have a decision to this officer by close of business the following Monday, October 15, 2007. The defendant was also instructed to report in person to the U.S. Probation Office each week day by noon.

This urinalysis taken on October 11, 2007, was confirmed by KROLL Laboratories, Inc., to contain Cocaine.

On October 12, 2007, the defendant reported as instructed to the U.S. Probation Office and advised this officer that he would like to participate in residential treatment at the Akeela House, located in Anchorage, Alaska.

On October 25, 2007, details of the defendant's admittance to Akeela House in Anchorage, Alaska, had been provided to defendant. The defendant was instructed by this officer to report to the Akeela House by 1 p.m., on October 27, 2007. The defendant reported he was going to drive his personal vehicle to Anchorage, Alaska.

On October 29, 2007, this officer received a telephone call from Denita Goodhope, Intake Coordinator of Akeela House in Anchorage. She reported that the defendant failed to report as directed and had not shown up to date. They had received a phone call from the defendant stating he would be late. To date the defendant has not shown up at the Akeela House to enter the residential treatment facility as directed.

The defendant was previously instructed to report in person to the U.S. Probation Office between the first and fifth of November of 2007, and submit a truthful and complete written report. The defendant has failed to submit a report in either Fairbanks or Anchorage, and his whereabout are unknown at this time.

Executed this 8th day of November, 2007, at Fairbanks, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

Toni M. Ostanik
U.S. Probation Officer